McGuirk vs. Marchand.

## No. 11,159.

### MRS. ELIZABETH MCGUIRK VS. ALFRED MARCHAND.

An order granting an appeal "on giving bond to according law," and without fixing any amount, can only operate as granting a suspensive appeal.

A bond filed "in the sum of —— hundred dollars" without filling in the blank might, perhaps, be considered as no bond at all; but even if it were considered as a bond for one hundred dollars, the court retained the power to pass on its sufficiency for a suspensive appeal, and on finding it insufficient, to set aside the suspensive appeal, and then, on application within the delay allowed by law, to grant a devolutive appeal, and appellant, having obtained and complied with such order, is protected in his appeal.

When the husband administers the movable paraphernal property of the wife, and sells it to one who purchases in good faith, the latter will be protected from the claims of the wife on said property. She must look to her husband for reimbursement.

When a person takes property on deposit, and sets up title to the property when it is demanded, and when sued for the property alleges that it had been destroyed by fire, his unsupported declaration may be disregarded.

APPEAL from the Civil District Court, Parish of Orleans. Monroe, J.

*Farrar & Leake* and *F. S. Drolla* for Plaintiff and Appellee.

*W. S. Benedict* and *Robert G. Dugué* for Defendant and Appellant:

A husband in possession who administers and controls movables belonging to his wife may sell them and receive the price.

A purchaser in good faith who pays him their full value can not be made to restore them or repay their value to her. 19 La. 362; 8 N. S. 342, 214.

Her recourse is against her husband.

By not repudiating or objecting to the sale when she was advised of it she ratified it.

She again ratified it when she accepted from her husband other furniture to replace it, which she afterward sold, retaining the proceeds.

Actions for damages arising *ex delicto* are prescribed by one year. C. C. 3536.

Ownership of movables that have not been lost or stolen is acquired by possession in good faith, during three years, under a just title. C. C. 3506, 3482.

Possession of movables during ten years gives a title. C. C. 3509.

McGuirk vs. Marchand.

An agent is not bound to give more care to the property of his principal than to his own. He is not bound to insure, when the mandate is gratuitous and it has been stipulated that he would have to return the articles in his possession free of charge.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

FENNER, J. The first ground of the motion is incompleteness of the transcript by reason of the omission therefrom of the written opinion of the court. Before submission of the motion appellant filed a certified copy of the missing document. This is sufficient, and there was no necessity for resorting to certiorari. City vs. Parlange, 25 An. 336.

The other grounds will be better understood after the following statement:

The judgment being for $2160, appellant applied for and obtained an order of appeal " on giving bond according to law." He filed a bond "in the sum of ——— hundred dollars," not filling in the blank before the word "hundred." Thereupon the plaintiff took a rule to show cause why execution should not issue on the ground that such a bond did not operate to perfect a suspensive appeal. As a matter of course the rule was made absolute.

Thereupon defendant moved for a devolutive appeal, referring to the fact that the former order of appeal did not operate as such because it did not fix the amount of the bond to be given as required by law. The court granted the order for a devolutive appeal and fixed the amount of the bond, which was accordingly given. The return day in both orders is the same and the transcript was filed in due time.

We are disposed to consider that the bond filed under the first order was no bond at all and did not operate to divest the jurisdiction of the court, in which case no question could arise as to the right of the court to grant the second order of devolutive appeal.

If, however, we should treat the first bond as one for a hundred dollars and as given for a suspensive appeal, which is the only appeal authorized by the order, the court retained the unquestioned power to pass upon the sufficiency of the bond, and, on finding it insufficient, to set aside the appeal and direct execution to issue as it did. The effect of this was to destroy the first suspensive appeal, and if, notwithstanding the order, the transcript had been brought

here under that order, we should have had nothing to do but to dismiss his appeal. Baker vs. Schultz, 35 An. 524; Weiser vs. Blaese, 34 An. 833; Dumas vs. Mary, 29 An. 808; Happenbauer vs. Durlin, 23 An. 739.

It is equally well settled that the dismissal of a suspensive appeal for want of a sufficient bond does not deprive the party of the right to take a devolutive appeal thereafter. Johnson vs. Clark, 29 An. 762; Verges vs. Gonzales, 33 An. 414.

We conclude that the judge a quo had full authority, from every point of view, to grant the second order of devolutive appeal, and appellant having complied with it is fully protected.

The motion to dismiss is therefore denied.

## ON THE MERITS.

McENERY, J.   The plaintiff sued the defendant for a lot of household furniture which she alleges was her paraphernal property, acquired by donation from her father, and contained in the residence once occupied by her and her husband, corner of Jackson and St. Charles streets, which was taken possession of by defendant, and not accounted for by him. The furniture is alleged to be worth five thousand dollars.

The defendant answered, alleging that he had acquired by purchase a portion of the furniture claimed by plaintiff from the husband of plaintiff, who was in possession of the same, for a fair and adequate price; that the said furniture was purchased by him with the full consent of plaintiff and for her benefit, and was destroyed by fire.

The facts are that the property, or at least a part of it, was the paraphernal property of plaintiff, but it was not assessed in her name, and she never paid taxes on it. It was in the house occupied by her and her husband, and in his possession and control, and administered by him. This is shown by the lease of the house, and all the furniture in it, to one Young.

There is no evidence that the defendant was ever informed, or had any knowledge of the fact, that the property belonged to plaintiff.

During the time that the house and furniture were leased to Young, and during the absence from the State of the plaintiff, her husband sold the greater part of the furniture to defendant, who was to take possession of it after the expiration of the lease.

On the same day he sold the furniture to defendant, 20th June, 1867, Marchand, the defendant, gave to McGuirk, husband, the following document:

"NEW ORLEANS, June 20, 1867.

"I hold for Mr. A. McGuirk in his house, corner Jackson and St. Charles streets, in front bed room, up stairs—

"One large bedstead, one armoir. And in parlor, down stairs: One Pleyel piano, one family portrait, one picture (by Galvani), two females; which I shall deliver to him when he desires me to do so, free of charge; subject only to the lease now upon it to G. B. Young.

(Signed) " A. MARCHAND."

When plaintiff returned to the city of New Orleans, her husband had located in Galveston. He died there, and in 1869, or early part of 1870, she visited New Orleans and called on defendant, who had become the owner of the house in which the furniture was stored, and demanded to see her furniture. He denied having any furniture belonging to her, and stated that he was the owner of all the furniture, having purchased it from her husband. The above document was not then presented to Marchand, as it was subsequently found among her husband's papers by the widow. There is no proof as to the exact time when it was discovered, but we believe with the district judge that it came into the widow's possession after this demand, and that the defendant, knowing that McGuirk had died, took advantage of the supposed loss or destruction of the receipt to claim ownership of the furniture.

On these facts the district judge gave judgment for the plaintiff for the value of all the property in the house, claimed by plaintiff, the value being $2160.60, the price fixed in the act of sale of the furniture to Marchand.

As to the articles of furniture not included in the receipt, he was of the opinion that the sale to Marchand by McGuirk was a nullity, as he did not own the property and had no right to sell it.

The plaintiff knew of the sale having been made. She was informed of the fact, and the husband told her he would make it all right.

During the husband's lifetime she made no objection to the sale.

She made no effort to have the furniture restored to her, and we are of the opinion that she acquiesced in the sale.

But independent of this fact the husband was in possession of the property, and administered it. A purchaser therefore in good faith under such circumstances is protected. There is, as the district judge says, an impression that the sale was simulated, but there is no evidence to prove this fact. This impression is made from the insolvent condition of the plaintiff's husband, and his taking the benefit of the bankrupt law about this time.

But this impression is weakened by the fact of the defendant having given a receipt for a part of the furniture which had been leased, but not included in the sale to defendant, on the day of the sale, to be returned to plaintiff's husband. Why, if the sale was really simulated, was not a receipt and an obligation to restore it given for all of it?

We have no doubt that the furniture described in the receipt belonged to plaintiff.

When the plaintiff demanded to see her furniture, defendant denied her ownership to it and claimed title to the property. He knew he had no title to this lot of furniture, and his pretensions were unquestionably based on the supposed disappearance of the receipt. He acted in bad faith, and as there is only his unsupported declaration that the furniture was destroyed after the visit of the plaintiff to him, we feel authorized in disregarding this statement as to its destruction by fire, with his furniture, all of which was uninsured.

We are unable to fix the value of the furniture contained in the receipt of June 20, 1867. There is no evidence in the record as to its value. The case will therefore be remanded in order to ascertain the value of the furniture.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and the case be remanded to be proceeded with according to law and the views herein expressed, plaintiff to pay costs of appeal.